**INTERNATIONAL WOODWORKERS OF AMERICA, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 14302.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 3, 1958.

Decided Dec. 24, 1958.

Mr. Elliot Bredhoff, Washington, D. C., for petitioner. Messrs. Arthur J.

Goldberg, David E. Feller, and Bernard Dunau, Washington, D. C., were on the brief, for petitioner.

Miss Fannie M. Boyls, Atty., N. L. R. B., with whom Messrs. Jerome D. Fenton, Thomas J. McDermott, Associate Gen. Counsel, N. L. R. B., and Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., were on the brief, for respondent.

Before WILBUR K. MILLER, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

The petitioning union asks us to review and set aside a final order of the National Labor Relations Board dismissing an unfair labor practice complaint against Campbell & McLean, Inc. based on the alleged discriminatory discharge of two employees for their union membership and activities, in violation of § 8 (a)(1) and § 8(a)(3) of the Labor Management Relations Act, 1947.[1]

The Trial Examiner found that both employees had been discharged discriminatorily but the Board reversed, holding that "even accepting the Trial Examiner's credibility findings," it was unable to reach the same conclusion as did the examiner. The Board further held that its General Counsel "failed to prove by a fair preponderance of the credible evidence" that the discharge of the two employees had been discriminatory.

▮▮▮▮▮ We have carefully examined the record in the case. Were we sitting as members of the Board we might well have reached a different conclusion from that of the Board but, within the limited scope of our appellate review, we are unable to say that the finding of the Board that its General Counsel had failed to sustain the burden of proving that the two employees were discriminatorily discharged was not supported by the record. The mere fact that the Board disagreed with the examiner does not require reversal; and, as the difference

in conclusion between the Board and the examiner was based on the inferences drawn from the testimony, the Board had the right to make the choice giving consideration to the examiner's report.[2] This the Board has stated it has done and we are unable to say that its conclusion was incorrect.

The petition will be dismissed.

Dismissed.

---

1. 61 Stat. 136, 29 U.S.C.A. § 151 et seq.

2. Federal Communications Commission v. Allentown Broadcasting Corp., 1955, 349 U.S. 358, 75 S.Ct. 855, 99 L.Ed. 1147.

See also Universal Camera Corp. v. National Labor Relations Bd., 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.